MEMORANDUM **
Richard Lukas Simatupang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). *538 Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, and must uphold the BIA’s decision unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part, grant in part, and deny in part the petition for review.
We lack jurisdiction to review the BIA’s determination that extraordinary circumstances did not excuse Simatupang’s untimely asylum application because the underlying facts regarding whether he filed a timely asylum application before filing the untimely application are disputed. Cf. Ramadan v. Gonzales, 479 F.3d 646, 648 (9th Cir.2007) (per curiam) (exercising jurisdiction over consideration of one-year bar where facts were undisputed). We do not consider Simatupang’s claim that increased hostility against Christians in Indonesia constitutes a changed circumstance excusing his untimely application because he did not raise this argument to the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004). Accordingly, we dismiss the petition with respect to Simatupang’s asylum claim.
With regard to Simatupang’s withholding claim, both the IJ and the BIA questioned his credibility, but did not make an adverse credibility determination. “In the absence of an explicit adverse credibility finding, we must assume that [petitioner’s] factual contentions are true” and no corroborating evidence is required. See Katana v. INS, 232 F.3d 1107, 1114 (9th Cir.2000). Because the agency did not make an adverse credibility determination, the BIA erred when it denied Simatu-pang’s withholding claim based, in part, on “his failure to provide readily available corroboratory evidence[,]” and we remand to the agency to make a legally sufficient credibility determination on an open record. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009).
As to Simatupang’s CAT claim, substantial evidence supports the BIA’s determination that he failed to demonstrate that it is more likely than not that he will be tortured if he were returned to Indonesia. See Sinha v. Holder, 556 F.3d 774, 785 (9th Cir.2009).
Accordingly, we dismiss the petition with respect to Simatupang’s asylum claim, grant as to his withholding of removal claim, and deny as to his CAT claim, and we remand for further proceedings consistent with this disposition. See INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW DISMISSED in part; GRANTED in part; DENIED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.